IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge R. Brooke Jackson**

Civil Action No. 15-cv-01617-RBJ

CESAR PASILLAS-SANCHEZ,

     Applicant,

v.

RICK LIND, Warden, Arkansas Valley Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

     Applicant, Cesar Pasillas-Sanchez, is in the custody of the Colorado Department

of Corrections (CDOC) at the Arkansas Valley Correctional Facility in Ordway, Colorado.

He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

(ECF No. 1) challenging the validity of convictions and sentences imposed in the District

Court of Jefferson County, Colorado.   Mr. Pasillas-Sanchez has paid the $5.00 filing fee.

     On September 9, 2015, Magistrate Judge Gordon P. Gallagher directed

Respondents to file a pre-answer response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A).   Respondents submitted a Pre-Answer Response (ECF No. 11)

on September 24, 2015.   Applicant filed a Reply (ECF No. 14) on November 16, 2015,

after obtaining an extension of time.

     The Court construes Mr. Pasillas-Sanchez's filings liberally because he is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not act as an advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application, in part.

## I.   Background and State Court Proceedings

On August 4, 2005, Applicant was convicted in Jefferson County District Court Case No. 03CR783 of second-degree murder, two counts of theft by receiving, three counts of possession of a controlled substance, and three special offender counts. (ECF No. 1, at 2, 4; ECF No. 11-1 at 7-10).   He was sentenced to an aggregate 96-year prison term with the CDOC.   (ECF No. 1 at 2).

Applicant's conviction was affirmed on direct appeal in *People v. Pasillas-Sanchez*, 214 P.3d 520 (Colo. App. 2009) (*Pasillas-Sanchez I*).   The Colorado Supreme Court denied Applicant's petition for certiorari review on August 31, 2009.   (ECF No. 11-6).

On January 25, 2010, Applicant filed a motion for reconsideration of his sentence, pursuant to Colo. Crim. P. Rule 35(b), which was denied by the state district court on March 22, 2010.   (ECF No. 11-1 at 19-20).   Applicant did not appeal the trial court's order.   (*Id.* at 19).

On November 10, 2010, Applicant filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c).   (*Id.*).   The trial court denied the motion and the supplemental motion filed by court-appointed counsel.   (*Id.* at 18-19). The Colorado Court of Appeals affirmed the trial court's order in *People v. Pasillas-Sanchez*, No. 13CA0097 (Colo. App. Dec. 11, 2014) (unpublished) (*Pasillas-Sanchez II*).   (ECF No.

2

11-10).   The Colorado Supreme Court denied Applicant's petition for certiorari review on

June 22, 2015.   (ECF No. 11-12).

On July 29, 2015, Applicant filed his federal application under 28 U.S.C.

§ 2254 raising the following claims:

1.   Applicant was denied counsel of his choice when the trial court
disqualified defense counsel because he was a potential witness. (ECF No.
1, at 10).

2.   Applicant was denied his right to a fair trial when the trial court declined
to require the prosecution to disclose the statements of a defense expert
made to the prosecution's investigator.   (*Id.*).

3.   Applicant was denied his right to a fair trial when the trial court denied his
challenge for cause to a prospective juror.   (*Id.*).

4.   Applicant was denied his right to a fair trial when the trial court denied his
motion to sever the theft by receiving counts.   (*Id.*).

5.   Applicant's 96-year sentence is excessive and violated his right to fair
sentencing.

6. Applicant's Sixth Amendment right to the effective assistance of counsel
was violated because counsel failed to investigate critical issues.   (*Id.*).

7.   Applicant's Sixth Amendment right to the effective assistance of counsel was
violated because counsel failed to consult experts necessary to the defense.
(*Id.*).

8.   Applicant's Sixth Amendment right to the effective assistance of counsel was
violated because "in pre-trial, trial, and post-trial situations involving competence,
deligence [sic] scope of representation, and advising, as well as other
deficiencies." (*Id.* at 11).

9. Applicant's Sixth Amendment right to the effective assistance of counsel was
violated because counsel "fil[ed] a petition for writ of certiorari that met none of the
criteria for consideration governing review on certiorari." (*Id.*).

10.   Applicant's Sixth Amendment right to the effective assistance of counsel was
violated because counsel denied Applicant access to his discovery materials.
(*Id.*).

3

In the Pre-Answer Response, Respondents concede that the Application is timely. (ECF No. 11 at 4-8).   Respondents further concede that Applicant exhausted state court remedies for claims one and eight.   (*Id.* at 11).   Respondents argue, however, that claims two, four, five and nine are procedurally defaulted, and that claims six, seven and ten are unexhausted.   (*Id.*).   Respondents further maintain that claim three fails to state a cognizable constitutional claim.   (*Id.* at 13-14).

## II.   Exhaustion of State Court Remedies and Procedural Default

### A.   Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.   *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).   A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.   *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.   *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).   Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

4

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).   A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.   *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).   A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.   *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.   *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### B.   Applicability of Procedural Defenses

#### 1.   Claim Two

In claim two, Applicant asserts that he was denied his right to a fair trial when the trial court declined to require the prosecution to disclose the statements of a defense

expert made to the prosecution's investigator.   (ECF No. 1 at 10).   Respondents

contend in the Pre-Answer Response that Applicant presented this claim to the Colorado

Court of Appeals solely as an issue of state law, rather than as a violation of the federal

Constitution.   (ECF No. 11 at 12).

Applicant argued in his direct appeal that the prosecution's failure to disclose notes

made by the prosecution's investigator about statements made by a defense expert

violated Colo. Crim. P. Rule 16.   (ECF No. 11-2, at 36-39).   In his state appellate brief,

Applicant relied solely on Colorado appellate court cases that applied Colorado law.

(*Id.*).   The Colorado Court of Appeals did not perceive a federal constitutional issue, and

rejected the claim on state law grounds.   *Pasillas-Sanchez I*, 214 P.3d at 528-29.

Indeed, the state appellate court observed that "neither party argues that this error was of

constitutional magnitude."   (*Id.* at 528).   The Court agrees with Respondents that

Applicant failed to exhaust state remedies for his second claim because he did not

present the claim as a federal constitutional issue to the Colorado appellate courts. *See*

*Duncan*, 513 U.S. at 365-66.

Respondents further argue that Applicant has committed an anticipatory

procedural default of claim one because if he attempted to raise it in a state

post-conviction motion at this time, it would be procedurally barred pursuant to Colo.

Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in

an appeal previously brought. . ."). (ECF No. 11 at 13). *See also People v. Rodriguez*, 914

P.2d 230, 254-55 (1996) (issues available for review on direct appeal that address the

same issue on some recently contrived constitutional theory and are not well-founded

constitute an abuse of process); *Welch v. Milyard*, No. 11-1214, 436 F. App'x 861, 865-66 (10th Cir. Aug. 18, 2011) (unpublished) (concluding that claim barred from state court review under Colo. Crim. P. Rule 35(c)(3)(VII) was procedurally defaulted on federal habeas review).

The claim is also be subject to dismissal in the state courts as time-barred, pursuant to COLO.REV.STAT. (C.R.S.) § 16-5-402 (2015) (imposing a three-year limitation period for post conviction claims challenging non-class 1 felonies).

The Court finds that Applicant does not have an available state court remedy at this time.   As such, he must satisfy the cause and prejudice standard to excuse his anticipatory procedural default, or demonstrate that a fundamental miscarriage of justice will result if the Court does not review the merits of his claim.   *Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139-40 n.7.

Applicant does not make any allegations in the Application or in his Reply to satisfy the cause and prejudice standard, or to demonstrate his actual innocence.   Accordingly, claim two will be dismissed as procedurally barred.

### 2.   Claim Three

In claim three, Applicant asserts that he was denied his right to a fair trial when the trial court denied his challenge for cause to a prospective juror.   (ECF No. 1 at 10). Respondents contend that claim three should be dismissed for failure to state a cognizable constitutional claim.   (ECF No. 11 at 13-14).

The Court declines to address, at this time, Respondents' argument that claim three fails on its merits.   Respondents concede that Applicant presented claim three to

the Colorado Court of Appeals as an issue of federal constitutional law.   (*Id.* at 13; *see also* ECF No. 11-2 at 42-44).   The Court finds that claim three was exhausted properly in the state courts as a federal constitutional issue.   Respondents may reassert their merits argument in the Answer that they will be directed to file as to the habeas claims that survive dismissal on procedural grounds.

### 3.   Claims Four and Five

For his fourth claim, Applicant asserts that he was denied his right to a fair trial when the trial court denied his motion to sever the theft by receiving counts. (ECF No. 1 at 10).   In claim five, Applicant maintains that his 96-year sentence is excessive and violated his right to fair sentencing.   (ECF No. 1 at 10).   Respondents argue that Applicant failed to properly exhaust state remedies for claims four and five because he raised the claims in the Colorado Court of Appeals solely as violations of state law.   (ECF No. 11 at 15).   Respondents further contend that because Applicant no longer has a state remedy available, Applicant has committed an anticipatory procedural default. (*Id.*).

On direct appeal, Applicant argued that the trial court's failure to sever the theft by receiving counts violated the Colorado Rules of Criminal Procedure and Colorado appellate court case law.   (ECF No.11-2 at 44-47).   He also argued that his sentence was excessive and an abuse of discretion.   (*Id.* at 47-49).   Applicant relied on state case law to support his claims and did not cite the federal Constitution or federal case law. (*Id.*).   The Colorado Court of Appeals addressed Applicant's claims under state law standards and did not perceive a federal constitutional issue.   *Pasillas-Sanchez I*, 214

P.3d at 530-31.   As such, the Court finds that Applicant failed to exhaust state remedies for claims four and five.

The Court further finds that Applicant does not have an available state court remedy at this time and has therefore committed an anticipatory procedural default. *See* Colo. Crim. P. 35(c)(3)(VII); *Rodriguez*, 914 P.2d at 254-55; *Welch*, 436 F. App'x at 865-66; *see also* § 16-5-402, C.R.S.   Applicant does not make any allegations in the Application or in his Reply to satisfy the cause and prejudice standard, or demonstrate that a fundamental miscarriage of justice will result if the Court does not review the merits of his claim.   *Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139-40 n.7. Accordingly, claims four and five will be dismissed as procedurally barred.

### 4.  Claims Six through Ten

In claims six through ten, Applicant asserts that his Sixth Amendment right to the effective assistance of counsel was violated because: counsel failed to investigate critical issues (claim six); counsel failed to consult experts necessary to the defense (claim seven); "in pre-trial, trial, and post-trial situations involving competence, deligence [sic] scope of representation, and advising, as well as other deficiencies" (claim eight); counsel "fil[ed] a petition for writ of certiorari that met none of the criteria for consideration governing review on certiorari" (claim nine); and, counsel denied Applicant access to his discovery materials (claim ten).   (ECF No. 1 at 10-11).

Respondents assert that the ineffective-assistance-of-counsel (IAC) claims are not pled adequately under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   (ECF No. 11 at 17-18).   Respondents further maintain that, in

any event, the claims are exhausted only with regard to the allegations that Applicant

presented to the state appellate courts.   (ECF No. 18-19).

In his state post-conviction proceeding, Applicant presented the following claims to

the Colorado Court of Appeals:

> 1. "Trial counsels [sic] advice regarding whether to accept the offered plea
> agreement of 16-48 years or proceed through trial to verdict amounts to
> deficient performance."   (ECF No. 11-8 at 16-20).
>
> 2. "Trial counsels [sic] advice regarding Mr. Pasillas-Sanchez [sic] right to
> testify was deficient performance because it overbore the will of Mr.
> Pasillas-Sanchez preventing him from exercising his fundamental right to
> testify on his own behalf."   (*Id.* at 20-24).
> 3. "Trial counsel provided deficient representation by failing to conduct an
> adequate investigation into potential witnesses, experts, and defenses."
> (*Id.* at 24-27).
>
> 4. "Trial counsel provided deficient representation by failing to review
> discovery with Mr. Pasillas-Sanchez so that he could understand what
> evidence was against him and participate with his defense." (*Id.* at 27-29).

Respondents maintain that "habeas claims six and seven can be read to

encompass state claim three; habeas claim eight encompasses state claims one and two;

and habeas claim ten encompasses state claim four."   (ECF No. 11 at 19).   The Court

agrees with Respondent's characterization of the IAC claims.

Respondents contend that IAC claims six, seven, and ten were not exhausted

properly because Applicant did not present the claims to the Colorado Supreme Court in

a petition for certiorari review.   (*Id.* at 19-20).

A federal habeas claim must first be presented to the state's highest court if review

in that court is available. *See O'Sullivan*, 526 U.S. at 845.   However, "there is nothing in

the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that

a given procedure is not available," *id.* at 847-48.   Therefore, if a state articulates that a

10

certain avenue for relief is not part of its standard appellate review process, it is not

necessary for a defendant to pursue that avenue in order to exhaust state remedies.

*See id.*

      The Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.   Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.

      Four circuit courts of appeal have determined that state rules similar to Colo. App.

R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy

§ 2254(b)'s exhaustion requirement.   *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d

Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*,

276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th

Cir. 1999).   Absent Tenth Circuit authority specifically holding otherwise, the Court

agrees with the reasoning of the other circuit courts and finds that, pursuant to Colo. App.

R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies

if the claim in question was presented fairly to, and relief was denied by, the Colorado

Court of Appeals.   *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL

805787 (D. Colo. Feb. 28, 2011).

      Because the Colorado Court of Appeals addressed the merits of claims six, seven

and ten in *Pasillas-Sanchez II*, (*see* ECF No. 11-10 at 6-16), the Court rejects

Respondents' exhaustion defense as to those claims and finds that they were properly exhausted in the state courts.

Finally, Respondents argue that claim nine is not exhausted because it was never presented to the state courts and, because state remedies are no longer available, claim nine is subject to an anticipatory procedural bar. (*Id.* at 20).

Applicant did not raise the substance of claim nine in his opening brief on direct appeal or in the state post-conviction proceeding.   (*See* ECF Nos. 11-2, 11-8). The Court thus finds that Applicant failed to exhaust state remedies for claim nine.

The Court further finds that Applicant does not have an available state court remedy at this time and has therefore committed an anticipatory procedural default. *See* Colo. Crim. P. 35(c)(3)(VII); *Rodriguez*, 914 P.2d at 254-55; *Welch*, 436 F. App'x at 865-66; s*ee also* § 16-5-402, C.R.S.   Applicant does not make any allegations in his Application or in the Reply brief to satisfy the cause and prejudice standard, or demonstrate that a fundamental miscarriage of justice will result if the Court does not review the merits of his claim.   *Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139-40 n.7.   Accordingly, claim nine will be dismissed as procedurally barred.

## III.  Orders

For the reasons discussed above, it is

ORDERED that claims two, four, five and nine of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) are DISMISSED WITH PREJUDICE as procedurally defaulted.    It is

FURTHER ORDERED that Respondents shall file an Answer to claims one, three, six, seven, eight and ten of the Application **within thirty (30) days** of this Order.   It is

FURTHER ORDERED that Applicant may file a Reply **within thirty (30) days**

after Respondents file an Answer.

DATED December 2, 2015, at Denver, Colorado.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge